## NATIONAL SURETY CO. v. AMERICAN COMPOUND DOOR CO.

(Court of Civil Appeals of Texas. Texarkana. June 26, 1913. Rehearing Denied July 5, 1913.)

1. DEPOSITIONS (§ 81*)—RETURN FOR PROPER CERTIFICATE—JURISDICTION OF COURT.

The court may return a deposition to the officer in a sister state taking it to enable him to make his certificate attached thereto conform to the facts and the law.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 213–217; Dec. Dig. § 81.*]

2. CONTRACTS (§ 231*)—BUILDING CONTRACTS —SURETY—LIABILITY TO MATERIALMAN.

Where a surety of a building contractor, acting through its authorized agent, induced a materialman, contracting with the contractor to furnish materials, to ship the materials by agreeing with the materialman's agent to pay therefor out of money the surety was entitled to receive on the contractor's account, and the materialman shipped the material in reliance thereon, the surety receiving more than sufficient to pay for the materials was liable therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1046, 1047, 1051, 1052; Dec. Dig. § 231.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by the American Compound Door Company against the National Surety Company. From a judgment for plaintiff, defendant appeals. Affirmed.

One Balfanz undertook to furnish material for and to construct an office building in San Angelo. By the terms of the contract between the owner of the building and Balfanz, the former was to pay the latter $87,820.50 in instalments as follows (quoting): "Eighty-five per centum of cost of labor and material incorporated in the work upon estimates issued by the architects, and the balance of 15 per centum to be paid at the entire completion and acceptance of the work." The estimates referred to were to be made every two weeks. Appellant was surety on a bond for $20,000 made by Balfanz to secure the performance of his undertaking under the contract. Balfanz, having commenced the construction of the building, was unable, for lack of means, to complete it. Thereupon, to wit, on July 21, 1910, appellant supplied means necessary to enable Balfanz to continue the work on the building and took from him an assignment of the sums to become due to him on the estimates to be made by the architects. Before this time, to wit, on June 10, 1910, Balfanz and appellee had entered into a contract whereby the latter undertook to ship from its factory

in Chicago, Ill., to the former at San Angelo, Tex., on July 25, 1910, certain doors to be used in the construction of said building, and whereby Balfanz undertook to pay appellee for said doors, within 30 days after they were so shipped, the sum of $1,254.54. Before the time to ship the doors arrived, appellee learned that Balfanz was in failing circumstances financially and refused to ship the doors to him unless an arrangement satisfactory to it was made covering the payment of the sum Balfanz had agreed to pay therefor. Having received a telegram from Balfanz in regard to the matter, W. F. Robertson, who was the local attorney of appellant in Dallas, on August 18, 1910, called up F. H. Dukes, who was the sales agent of appellee in Dallas, over the telephone and had a conversation with him as follows (quoting from Robertson's testimony in the record): "I told him that I had received a telegram from Mr. Balfanz to the effect that he had declined to ship him some material that he had contracted to furnish Balfanz, and he stated that he had. I then told him that I was representing the National Surety Company, who was on Balfanz's bond, and that I had made arrangements with Mr. Balfanz by which I was to receive for him all the money that was paid him under this contract by the owners of the building, and that if he would ship his material to Mr. Balfanz at once, as was needing, I would see that he got his money out of the next estimate; half of it to be paid on the 20th, and the balance out of the next estimate, which should be paid on September 3d. These estimates were to be made every two weeks. He asked me to send him a written memorandum of this agreement, and said that he would have the goods shipped, and I immediately turned around and dictated a letter there to the stenographer, and mailed it that day." The letter the witness referred to was as follows:

"Address reply to:

"A. H. Sayers, Adjuster.
"311 Prætorian Bldg.,
"Dallas, Texas.

"National Surety Company, New York.

"Southwestern Claim Department, Texas, Louisiana, Okla., N. Mex., and Arizona.

"Dallas, Texas. Aug. 18, 1910.

"Re Bond #461001–August Balfanz.

"Mr. F. H. Dukes, 149 So. Akard St., Dallas, Texas.

"Dear Sir: Referring to our conversation over the phone to-day relative to the August Balfanz contract for bank and office building at San Angelo, beg to say that if you will have the material you were to furnish him shipped at once to San Angelo, I will see that you get one-half the amount of your bill out of the first estimate due him which

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

should be paid on the 20th inst., and the balance of your bill in the next estimate which should be due on Sept. 3d.

"As the representative of the National Surety Company, I will receive all amounts due Balfanz under this contract and see to the payment of the bills due by him for material and labor.

"I hope this will be sufficient to secure immediate shipment by you of the material needed by Balfanz.

"Yours very truly,
"[Signed] William F. Robertson,
"Attorney for Nat'l Surety Co."

August 22, 1910, Dukes wrote Robertson as follows:

"F. H. Dukes, Manufacturers' Agent.
"Dallas, Texas.  Aug. 22, 1910.

(On left-hand margin of letter is the following:)

"State Sales Agent 'for the Hydraulic-Press Brick Companies, Manufacturers of Face Bricks All Colors, Plain, Ornamental, Enamel Brick, All Kinds Mortar Colors.

"The Atlanta Terra Cotta Company. Structural Terra Cotta.  Mound City Roofing Tile Co.  Estimates Given on Tile Laid. The American Compoamd Door Company.

"Mr. William F. Robertson,
"Attorney for the National Surety Co.,
"Prætorian Building, Dallas, Texas.

"Dear Sir: I am just in receipt of a wire from the American Compound Door Company in which they state that they will ship the doors to Mr. Balfanz on Wednesday, August twenty-fourth.  I have asked them to have the shipment traced as he is in a hurry for them.

"Yours very truly,
"[Signed]    F. H. Dukes, Agent."

And on the next day Robertson replied as follows:

"National Surety Company, New York.
"Dallas, Texas.  Aug. 23, 1910.

"Re Bond #468001, August Balfanz.  Claim #3570.

"Mr. F. H. Dukes, 149 S. Akard St., Dallas, Texas.

"Dear Sir: Replying to yours of the 22d inst., relative to the shipment made by the American Compound Door Company to Mr. Balfanz, will say, that I hope the material will be rushed forward as rapidly as possible, as it will be needed within the next day or two.  I have made arrangements to take care of the bill according to our agreement the other day.

"Yours very truly,
"[Signed] W. F. Robertson, Attorney."

The doors were duly shipped by appellee on August 24, 1910, and were afterwards received by Balfanz and used by him in the building.

It was shown that over $2,000 was paid to Robertson on the estimate of August 20th; that over $1,000 was paid to him on the estimate of September 3d; and that after August 18th, the date of his letter to Dukes, and before October 31st, about $16,000 was paid to him on estimates made by the architects. And it was further shown that he paid to appellee only $250 of the sums he had received for Balfanz on the estimates, and that the remainder of the, sum Balfanz had agreed to pay appellee for the doors had never been paid.

Appellee's suit was against appellant to recover .$1,254.54, the sum Balfanz had agreed to pay for the doors, less the $250 paid to it by Robertson out of the sums received by him for Balfanz on estimates made by the architects.  The appeal is from a judgment in appellee's favor for the sum of $914.54 and interest thereon from September 24, 1910.

C. F. Greenwood and Wm. F. Robertson, both of Dallas, for appellant.  Locke & Locke, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above).  [1] The deposition of appellee's witness Charles H. Sibley was taken in Chicago, Ill.  After same had been returned to the court below and filed with the papers in the case, and after same had been opened as provided for by the statute, in accordance with an order of said court it was sent by the clerk to the officer who took it in order that he might make his certificate attached thereto conform to the facts and the requirements of the law.  This having been done, the deposition was returned by that officer to said court in precisely the same condition, in other respects, it was in when the clerk sent it to him.  On the ground that the court was without power to authorize the deposition to be sent out of the state for such a purpose, appellant moved to quash same and assigns as error the action of the court in overruling its motion.  We think the court possessed the authority he assumed to exercise, and that his action in exercising it was not erroneous.  Gray v. Phillips, 54 Tex. Civ. App. 148; 117 S. W. 878.

[2] It is insisted that appellee "did not allege," quoting from the brief, "and did not prove that there was a contract between plaintiff and defendant, whereby defendant was to pay plaintiff any sum of money on account of the sale and delivery of certain materials by plaintiff to one August Balfanz; but it appeared from a preponderance of the evidence that, if there was any agreement or contract in respect to the payment of any money on account of the sale and delivery of certain materials to August Balfanz, said agreement was between said Robertson and one F. H. Dukes, acting for himself as said Robertson understood, and not an agreement in behalf of this defendant to pay plaintiff any money, but was

only an agreement by which said Robertson was to act as distributor of certain money due and to become due said Balfanz among his creditors, and was not an independent primary obligation on the part of this defendant to pay plaintiff any 'sum of money whatsoever." As we understand the record, appellee not only alleged in its petition, but by testimony conclusively proved, that appellant, acting by Robertson, its duly authorized agent, to induce appellee to ship the doors, undertook, through Dukes, appellee's agent, to pay it therefor out of money appellant was entitled to receive on Balfanz's account August 20th and September 3d; that appellee, relying on said undertaking, delivered the doors to Balfanz; and that appellant, notwithstanding it received on Balfanz's account sums of money more than sufficient to pay appellee for the doors, paid to it only $250 of the purchase price thereof and failed to pay the remainder thereof, to wit, the sum of $914.54. On such pleading and proof the court might very well have peremptorily instructed the jury to find for appellee.

The judgment will be affirmed, but without damages, on the ground that the appeal is for delay. While we think no one of the assignments presents a reason for reversing the judgment, we do not agree with appellee that the appeal should be treated as one for delay only.